UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Alisha K. Bellavance,<br><br>　　　　　Defendant. | Case No. 3:10-cr-00045-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Pending before the Court is defendant Alisha Bellavance's unopposed Motion for Early Termination of Supervised Release. (Dkt. 188). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Ms. Bellavance pleaded guilty to conspiracy to possess with intent to distribute and distribute methamphetamine in 2010. In September 2010, this Court sentenced Ms. Bellavance to imprisonment for a term of 36 months, plus five years of supervised release. During that sentence, this Court twice revoked Ms. Bellavance's supervised release. First, on November 10, 2015, following a revocation hearing, this Court sentenced Ms. Bellavance to 5 months of

imprisonment followed by 3 years of supervised release. Second, on August 8, 2019, following another revocation hearing, the Court sentenced Ms. Bellavance to 8 months of imprisonment followed by 2 years of supervised release.

Ms. Bellavance began her current term of supervised release on October 4, 2019. She has been in complete compliance with no violations for over 21 months. Ms. Bellavance has also secured and maintained fulltime employment since her release. Ms. Bellavance has successfully completed mental health counseling. She is currently on a low level caseload with urinalysis testing down to once a month. Under these circumstances, neither the government nor the United States Probation Office objects to early termination of supervision.

## DISCUSSION

Early termination of probation is governed by 18 U.S.C. § 3564(c), which requires the court to consider factors set forth in § 3553(a), to the extent they are applicable. Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). After considering those § 3553(a) factors, the court may terminate a defendant's term of supervision "if it is

MEMORANDUM DECISION & ORDER - 2

satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

After having considered these factors, the Court concludes that the interests of justice warrant early termination of supervision. As already noted, defendant has performed very well on supervision; she does not need supervision in terms of training or medical care; and she has a fulltime job. The Court will therefore grant this unopposed motion.

## ORDER

Defendant Alisha Bellavance's unopposed Motion for Early Termination of Supervision (Dkt. 188) is **GRANTED**.

DATED: August 18, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION & ORDER - 3**